NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0356n.06

No. 10-4484

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LOUSENY KABA,                                )
                                             )
           Petitioner,                       )
                                             )
v.                                           )     ON PETITION FOR REVIEW
                                             )     FROM A FINAL ORDER OF THE
ERIC H. HOLDER, JR., Attorney General,       )     BOARD OF IMMIGRATION
                                             )     APPEALS
           Respondent.                       )

**FILED**

*Apr 04, 2012*

LEONARD GREEN, Clerk

Before:  KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM.  Louseny Kaba, a native and citizen of Guinea, petitions for review of a final

order by the Board of Immigration Appeals.  The Board affirmed the decision of an immigration

judge (IJ) who denied his applications for asylum, withholding of removal, and relief under the

Convention Against Torture.

Kaba entered the United States on September 23, 1998, with authorization to remain until

March 22, 1999.  Kaba over-stayed the period authorized by his visa.  The Department of Homeland

Security served him with a notice to appear, charging him with removability.  Kaba conceded

removability and on June 6, 2006, he sought asylum, withholding of removal, and relief under the

Convention Against Torture.

After a merits hearing, the IJ concluded that Kaba's testimony was not credible and held that

the asylum application was frivolous.  The IJ also denied Kaba's request for withholding of removal

for failure to meet his burden of proof.  The Board affirmed and Kaba petitions for review of the Board's decision.  A panel of this court previously denied Kaba's motion to stay his removal.

In his petition, Kaba argues:  1) the IJ's credibility determination was erroneous because only inconsistencies that go to the heart of the asylum claim will affect an applicant's credibility, and aside from minor discrepancies, he testified consistently; 2) the IJ's decision misstated his testimony; and 3) the Board erred in affirming the IJ's decision that he filed a frivolous asylum application.  The government contends that Kaba fails to show that the evidence compels the conclusion that he is credible or eligible for the relief he seeks.  Kaba does not challenge the denial of his request for relief under the Convention Against Torture.  Consequently, this issue is abandoned on appeal.  *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996).

We review factual findings, made either by the Board or the IJ, under the "deferential 'substantial evidence' standard." *Zoarab v. Mukasey*, 524 F.3d 777, 780 (6th Cir. 2008) (citation omitted).  "Under this deferential standard, we may not reverse the Board's determination simply because we would have decided the matter differently." *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998).  In order to reverse a factual determination, the court must find that the evidence "'not only supports a contrary conclusion, but indeed *compels* it.'" *Id.* (quoting *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992)).  Here, the IJ found, and the Board agreed, that Kaba was not credible.  Credibility findings are findings of fact and are therefore reviewed under the substantial evidence standard.  *See El-Moussa v. Holder*, 569 F.3d 250, 255-56 (6th Cir. 2009).  The stricter review under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, applies in this case.  *See id.* at 256.

Kaba's challenge to the IJ's credibility determination is meritless because he filed his application for relief after the effective date of the REAL ID Act.  The statute permits a credibility determination to be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes

to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). The same standard applies to requests for withholding of removal. 8 U.S.C. § 1231(b)(3)(C).

The evidence supports the IJ's finding that Kaba was not credible. The record reveals that Kaba's accounts of the single arrest in Guinea that he set forth as the sole incident of past persecution in his asylum application were inconsistent in almost every detail. First, Kaba could not decide when he was arrested. In his asylum application he claimed that he was arrested in December of 1996, but he testified that he was arrested in June of 1996. He asserted that some unidentified person turned him in, but later testified that the friend with whom he had been hiding turned him in. In his asylum application, Kaba claimed that upon being arrested, he was tied to a wall, but he later testified that he was not tied to a wall, but his hands and feet were chained. Kaba was also inconsistent with respect to how long he was imprisoned. He testified that he was imprisoned for three months, but that he was not free thereafter because he was released to a prison compound and kept under surveillance or under guard. Inconsistencies pertaining to Kaba's arrest, standing alone, support an adverse credibility finding. *See Ndrecaj v. Mukasey*, 522 F.3d 667, 674-75 (6th Cir. 2008).

There are also other inconsistencies in the record. These inconsistencies include the dates he attended high school, contacts with his children in Guinea, and how he obtained his passport and visa. The IJ articulated specific cogent reasons based in the record for finding that Kaba was not credible and Kaba cites to no evidence that would compel a different conclusion.

Kaba challenges the IJ's finding that his asylum application was frivolous. The IJ, while recognizing that Kaba's asylum application was time-barred, nevertheless concluded that it was frivolous. The Board agreed. "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated," provided that the applicant "has had sufficient opportunity to account for

any discrepancies or implausible aspects of the claim." 8 C.F.R. § 1208.20; *Selami v. Gonzales*, 423 F.3d 621, 626 (6th Cir. 2005).

Kaba does not dispute that he was advised of the consequence of filing a frivolous asylum application, and it is undisputed that he did not retract any inconsistent statements. Rather, he contends that the IJ did not sufficiently articulate why the inconsistencies in his story were material. The record reveals otherwise. The IJ plainly found that Kaba's "testimony was wildly inconsistent regarding the dates and conditions of his imprisonment," which was the "sole incident" of Kaba's alleged past persecution. Inasmuch as Kaba's arrest was the sole incident of alleged past persecution, it was material. Likewise, the Board concluded that Kaba's inconsistent statements were material to his asylum application because they related to the single instance of alleged persecution. *See Lazar v. Gonzales*, 500 F.3d 469, 478 (6th Cir. 2007).

The record reveals that Kaba was given multiple opportunities to retract the inconsistencies, that he had that opportunity while being represented with new counsel, and that Kaba had an interpreter available during the hearing. Consequently, Kaba had sufficient opportunity to account for any discrepancies, *see Selami*, 423 F.3d at 626, and his inconsistent testimony supports a finding that his asylum application was frivolous.

Accordingly, we deny Kaba's petition for review.